1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TYRONE L. REED,                    )      1:10-cv-00387-OWW-GSA-PC
                                        )
11            Plaintiff,                )      FINDINGS AND RECOMMENDATIONS TO
                                        )      DISMISS CASE FOR FAILURE TO OBEY A
12        vs.                           )      COURT ORDER
                                        )      (Doc. 20.)
13   K. HARRINGTON, et al.,             )
                                        )      OBJECTIONS, IF ANY, DUE IN THIRTY
14            Defendants.               )      DAYS
     _____)

15

16        On July 27, 2010, the court issued an order requiring Plaintiff to file an amended complaint

17   within thirty days.  (Doc. 20.)  The thirty (30) day period has now expired, and Plaintiff has not filed an

18   amended complaint or otherwise responded to the court's order.

19        In determining whether to dismiss this action for failure to comply with the directives set forth

20   in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious

21   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

22   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

23   disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing

24   Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

25        "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.

26   (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has

27   been pending since February 26, 2010.  Plaintiff's failure to respond to the Court's order may reflect

28                                              1

1   Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend

2   its scarce resources assisting a litigant who will not help himself by timely responding to court orders.

3   Thus, both the first and second factors weigh in favor of dismissal.

4         Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of

5   itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk

6   that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file

7   an amended complaint that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

8         As for the availability of lesser sanctions, at this stage in the proceedings there is little available

9   to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further

10  unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action,

11  making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion

12  of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this

13  case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of

14  dismissal with prejudice.

15        Finally, because public policy favors disposition on the merits, this factor will always weigh

16  against dismissal.  Id. at 643.

17        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

18  plaintiff's failure to obey the court's order of July 27, 2010.

19        These findings and recommendations are submitted to the United States District Judge assigned

20  to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being

21  served with these findings and recommendations, plaintiff may file written objections with the court.

22  Such a document should be captioned "Objections to Magistrate Judge's Findings and

23  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

24  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26        IT IS SO ORDERED.

27  **Dated:**   **September 17, 2010**                    **/s/ Gary S. Austin**

28                                        2

1                                          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28